oral argument not to accept 15 minutes per side. Mr. Dunn for the appellant. Good morning, Your Honors. I'm pleased to be in the court. Robert Dunn in Bay City, Michigan, appearing on behalf of Mr. Jackson. And I have to say it's an honor and a privilege to be here for Mr. Jackson today. I don't get down to this court much anymore like I used to, and it's good to be back. Thank you. The first issue that we have here is based on the, I guess you could say, infamous, celebrated, or celebrated, a lien decision in the United States Supreme Court. And it's clear that to me, reading this opinion over and over again, that it is not intended just to be limited to mandatory minimum cases, such as 924C, because Justice Thomas repeatedly, and I can read it right to you, and I don't think I need to, but talks about sentencing range. He talks about any sentencing range, any fact, higher sentencing range. It isn't just limited to mandatory minimum cases, because, and I think the other argument against me would be, well, the guidelines aren't mandatory anymore, Mr. Dunn, so therefore a judge can go below the guidelines, so this doesn't elevate his sentence, this particular finding of fact. But in order for that to happen, the judge would have to make findings under 3553A, go through all those factors, and determine that the guidelines, that this particular defendant should not receive a sentence of the guideline range. Because you ought to get a lower sentence, and where I practice in Michigan... Has this court addressed this issue? I've been watching for cases every day. I haven't seen this particular aspect of it. There have been some other cases, but I haven't seen this particular argument, in case I missed it, raised in another six years. No, I'm just asking for information purposes, I'm going to ask your opponent, too. So the question that I have is whether your Alene argument has been resolved previously by this circuit. I do not believe that it has. And has it been resolved by any other circuit? Not that I know of, and to be honest with you, I haven't been watching for the other circuit so much as I have been for this circuit. So in this case, we go up six points, because of a finding of fact that the defendant attempted murder, or was an assault with intent to commit murder, and the judge and the United States Attorney seated at the table here today, at the time of the plea, had every opportunity to elicit those facts. Of course, if the defendant admits those facts, that takes away the Alene argument, and he's subject to those enhanced findings. But rather than let the defendant say what happened in his own words for the factual basis, this judge did what unfortunately a lot of judges do that I've seen around Michigan, and elicit the factual basis through leading questions. And so we get a bunch of yes-ers and no-sers, and he was never asked, did you fire into this building and was this child placed in fear? So the client never admitted that fact or never was a finding of fact, and yet he gets six additional points, which produced a substantially higher guideline range and seriously affected his sentence, because the judge did sentence him within that higher guideline range of 84 to 105 months. Now, the government's argument, they find one place in the Alene decision where the Supreme Court says, well, we're not saying that any fact that a judge might consider, any fact that a judge might consider in determining what the sentence should be has to be proven beyond a reasonable doubt by a jury. But what they're talking about there is all of the routine kinds of issues that a sentencing judge would consider in deciding what the sentence would be, substance abuse history, how he did on probation previously, whether he's been a member of a gang, all of these kinds of things. You wouldn't want those facts going to a jury if you were at a client that was on trial, would you? I'm sorry, Judge, I didn't hear that. You would not want those facts to go to a jury if your client was on trial? No, but that's an interesting proposition, because it could be that where we're headed is that a defendant may have to choose between the two in order to get the benefit of Alene. And that may be where we're headed, actually. I thought about this, special interrogatories and trials. But that's up to the government to request that. Well, if the government doesn't request special findings on the fact that he was formerly a member of a gang, that he's been prosecuted previously for attempted murder, and what else did you say, he uses drugs and all this other stuff, if they don't ask for that and the jury doesn't make a determination on it, then in sentencing the judge couldn't take that into account. No, I think he can, because I think that kind of routine information is not affected by Alene. What they're talking about here is findings of other crimes, which is what we have here. Brandishing a gun is another crime. Assault is another crime. So that's what you would want the jury to hear? Yes, if the government was intending to enhance him based upon other criminal conduct that they've not charged him with, yes, I do think there should be a special interrogatory. Oh, I can't imagine anybody wanting the jury to hear that kind of information about some client that's on trial. Oh, but we do it in drug cases all the time, with drug amounts, drug quantities for higher crimes. That's been going on for years and years and years. No, not quite as prejudicial, I'll admit. But if Alene is interpreted the way the government wants it interpreted, then what prosecutors can do is say, well, I'm not sure we can prove this one. We've got trouble proving this one, so we won't charge him with it. And then when we get to sentencing, we'll just say that he should be enhanced for that, and they'll get the benefit without having to charge him and prove him. And that's where the Sixth Amendment comes in, in my opinion. The other arguments I would have would be on the obstruction issue, unless the court has any questions regarding that. Okay. I think taking the record as a whole, I don't think we have enough for obstruction here. Now, he was charged in May of 2013. I don't get into the case until June of 2013, replacing a prior lawyer. And the case was on hold for a few months because Mr. Rochefort, the government prosecutor, was stuck in one of those multiple defendant long conspiracy cases, and we couldn't deal with it until late summer. As soon as I could get his attention, I offered him, well, turn the guns over. Those other guns that you know about, some other guns that he has some control over, we'll turn those over to you. We'll make arrangements to do that. What they're relying on is the fact that when initially contacted by the police, Mr. Jackson wasn't forthright about these guns in terms of their location. He misled the government. He did. But then he turned around in this letter that they captured, pointing out that Chris Davis has these guns. And that that helped the government get the guns. But the point is where those guns were now after he's in jail when he's not charged with a 924-C. He's only charged with being a felon in possession, and he's in jail. The investigation was completed. So where some guns might be now are not material to whether or not he was a felon in possession in 2009, which was one count, and 2013, which was the other count. And he's trying to turn them over. He's offering to turn them over. So as soon as I'm in the case, it's a different approach. And we pled without a Rule 11 agreement. I tried to plead when we were in front of the magistrate because he wanted to. And we had to wait, again, because of that trial. We waited, and the first opportunity we had, we're in there pleading guilty without a Rule 11 agreement. And I think based upon all that, it's error to score him the obstruction. Plus, he gets acceptance of responsibility and obstruction both. That sounds like mental gymnastics, sort of like trying to get a jury to understand the difference between in a Rule 404-B issue of, well, this stuff can't be in the show that he has a character for doing it, but it can be offered to show these eight or nine other things. Would the remedy be to take away the acceptance of responsibility reduction? I'm saying to be consistent. But if the facts are true on the obstruction, I don't think he'd be worthy of acceptance of responsibility. And so really that then makes it an eight-point difference. The six for the enhancement to the assault and the two points for the obstruction, and I think the sentence would be substantially lower if it comes back. And I think I've reserved two minutes. Fine, thank you. May it please the Court? Christopher Rosthorn, appearing for the United States. I believe just to address a few questions that came up earlier, I do believe this Court has addressed previously, and unfortunately I think there's been another time since then, but since there was already one case that I felt dealt with it in a manner that was controlling, I didn't bring up the latter one. But there's United States v. Smith, which I do cite in my brief, where the Court says that Apprende and Allain do not apply to situations that do not involve mandatory minimums or an increase in the maximum penalty. And so in that case it was an issue involving, I believe, number of victims and amount of loss that increased the scoring in that case, and it was the exact same type of argument the defense is making here, and the argument was rejected in the sense that Apprende and Allain do not apply. And this is just a factual correction. The actual scoring that the appellant is contending with is actually a four-point increase for possession of a firearm in connection with the felony offense, not a six-point increase. I think that's a little bit of a confusion there, but that is the issue there. And I guess just with regard to what's on the record, I don't have a record of all of our communications. I actually was not involved in a trial last summer that lasted several months. I think he's just confusing me with another colleague. But the fact is that the obstruction, moving on to that, occurred when the defendant told the FBI that he had put a firearm in another person's house when that was not true. So it caused investigation and the consent search of this individual's house. It caused law enforcement resources, and as well, had someone's house who had nothing to do with this search because of the information the defendant provided. I think that's the decision the district court made, which is under a clearly erroneous standard, is in line with the prior case law in this district. Obviously, the lie that the defendant makes to law enforcement has to be material. I think in this case, the defendant's lie to law enforcement was material because of the actions that were taken in response to his statement. Also, there's concealing and hiding evidence because the defendant was essentially directed the other individual to take the firearms, put them in his house, and the letter that he sent to that other individual, which was intercepted by the jail authorities, showed both that he was lying to the FBI initially and, as well, that he was hiding the evidence, actually keeping it for further use, instructing that individual to unload the firearms so they don't become rusty so he can use them later when he gets out. He does offer the other individual to use the hollow point bullets, though. Why should he get acceptance of responsibility as well as obstruction? Those actions occurred prior to the guilty plea, so I think that's the determination that was made with regard to the acceptance of responsibility. Isn't it enough just to plead guilty to get acceptance of responsibility? I guess if there was some error that the defendant didn't deserve the acceptance of responsibility and that resulted in a slightly lower guideline, I guess that's possible. I think in this case, because the defendant did plead guilty and because I think that it was a proper way to resolve it because I think the two points are definitely applicable. Whether or not the defendant also should have gotten the acceptance of responsibility, I'm not totally certain on that. No, I'm not challenging that. I think the district court's mid-guideline sentence range and the sentencing range that was there I believe was appropriate. If there are no further questions from the court, I will conclude and ask that you affirm the district court's rulings on both of these matters. Thank you very much. It's a rare defendant indeed that never told a single lie to an officer from the very beginning of an investigation on a particular case, particularly when he doesn't have counsel. But he fully admitted that he possessed the guns on both occasions. He's a convicted felon. They had the case. He's in jail. He's charged. That all happened, and so it does not meet the materiality requirement as to now where they had one of the guns, the other one they didn't, as to now where are the guns. Can you address the Smith case that your opponent relied on in his brief? I'm not familiar with the Smith case. It was in his brief. I see that it's cited there. If it attempts to change the plain meaning of the Supreme Court's words in a lien, then I don't think it should be followed. Now you have to follow a preexisting published decision of the Sixth Circuit. And I don't know whether it's too late to get an en banc review. It probably is, and have this matter looked at again. But I think a lien has to control and not any other decision because it's clear. Well, here's the problem, though, Counselor. What you want us to do is extend a lien. Yes. And on various occasions when circuit courts have tried extending Supreme Court opinions, they have just gotten whacked. And it isn't something that we march into cavalierly, I can tell you. And this is, a lien is consistent with Apprendi. It's a logical successor. And they're talking sentencing ranges. They could easily have said mandatory minimums. This applies to mandatory minimums. That's the spin the government wants. But they didn't. They're talking about sentencing ranges and any facts that regard new crimes, not routine issues that affect a sentencing decision, but any facts that establish crimes that he has not been charged with. And I think we have to follow a lien. Thank you. Thank you both for your argument. Thank you. The case will be submitted. Would the clerk call any remaining cases? Last case, 14-5248, USA v. Rex Allen Hicks, will be submitted on the briefs. Thank you. Would you adjourn court, please? Yes. This honorable court is now adjourned. Okay. Thank you. I'll see you guys tonight. Did we get everything? Yeah. Okay. Thank you. Thank you. Thank you.